[925 NE2d 80, 899 NYS2d 748]

In the Matter of ALAN KACHALSKY, Appellant, v SUSAN CACACE, a Judge of the Westchester County Court, Respondent.

Decided February 16, 2010

### APPEARANCES OF COUNSEL

*Alan N. Kachalsky*, Rye Brook, appellant pro se.

*Andrew M. Cuomo, Attorney General*, New York City (*Sasha Samberg-Champion, Barbara D. Underwood* and *Benjamin Gutman* of counsel), for respondent.

### OPINION OF THE COURT

Appeal dismissed, without costs, by the Court of Appeals, sua sponte, upon the ground that no substantial constitutional question is directly involved.

Concur: Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES. Judge SMITH dissents and votes to retain jurisdiction in an opinion.

SMITH, J. (dissenting). I dissent because I think the dismissal of this appeal exemplifies an amorphous definition of

"substantial constitutional question" that is at odds with CPLR 5601 (b) (1) and the New York Constitution.

Article 6, § 3 (b) (1) of the New York Constitution says that appeals to this Court may be taken in civil cases and proceedings:

> "As of right, from a judgment or order entered upon the decision of an appellate division of the supreme court which finally determines an action or special proceeding wherein is directly involved the construction of the constitution of the state or of the United States . . . ."

CPLR 5601 (b) tracks the Constitution:

> "Constitutional grounds. An appeal may be taken to the court of appeals as of right:
>
> "1. from an order of the appellate division which finally determines an action where there is directly involved the construction of the constitution of the state or of the United States . . . ."

Neither the Constitution nor the statute says that the constitutional question involved must be "substantial," but we have interpreted them to mean that. And the interpretation makes sense, if "substantial" is taken literally. The authors of the Constitution and the statute surely did not intend to burden our Court with appeals as of right based on questions that are without substance, i.e., frivolous. As Karger points out, the substantiality requirement "is an obviously necessary safeguard against abuse of the right to appeal on constitutional questions, for otherwise the right to appeal would turn on the ingenuity of counsel in advancing arguments on constitutional issues, howsoever fanciful they might be" (Karger, Powers of the New York Court of Appeals § 7:5, at 226 [3d ed rev]).

But we have at times followed the practice—one in which, I confess, I have joined—of giving "substantial" a much more flexible meaning, so flexible that it confers on us, in effect, discretion comparable to that we have in deciding whether to grant permission to appeal under CPLR 5602. I am convinced that this practice is inconsistent with both the constitutional provision and the statute implementing it.

This case illustrates the point. Petitioner's argument, rejected by the courts below, is that Penal Law § 400.00 (2) (f), which requires "proper cause" for the issuance of a license to carry a concealed pistol or revolver, violates the Second Amendment to

the United States Constitution. Two constitutional questions are directly involved: (1) whether the Second Amendment limits the powers of the states, as well as of the federal government; and (2) whether a prohibition on carrying concealed weapons without a showing of proper cause is consistent with the Second Amendment. I make no comment on the merits of either issue, except to say that neither is insubstantial. The first is of such great substance, and current importance, that the Supreme Court has granted certiorari to consider it (*McDonald v City of Chicago*, 557 US —, 130 S Ct 48 [2009]). The second issue, in light of *District of Columbia v Heller* (554 US —, 128 S Ct 2783 [2008]), unquestionably presents fair ground for litigation. On neither issue could petitioner's case, by any remote stretch, be called frivolous or fanciful.

There is, I recognize, a perfectly reasonable argument that, if we had discretion about whether to take up these issues now, we should choose not to do so; it might make sense to wait to see how the Supreme Court decides *McDonald*. I would not quarrel with that exercise of discretion, if I thought the discretion existed. I think, however, that petitioner has a constitutional right to have us hear this appeal, and that's all there is to it.

Appeal dismissed, etc.